UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES EARL KITTRELL, #361975,

      Petitioner,

v.                2:08CV603

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

   This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

   On June 27, 2003, in the Circuit Court for the City of Newport News, Virginia, petitioner was convicted of aggravated sexual battery of a child under the age of thirteen and object sexual penetration of a child under the age of thirteen. Petitioner was sentenced to a total of fifty years imprisonment, with thirteen years and one month suspended. Petitioner appealed to the Virginia Court of Appeals, but on November 29, 2006, the appeal was denied by a single judge, and the decision was upheld by a three-judge panel on February 15, 2007. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on June 6, 2007. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on November 21, 2008, the petition was denied.

On December 11, 2008, petitioner filed a petition for writ of habeas corpus in federal court, and on February 18, 2009, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.  Petitioner was denied effective assistance of counsel, and the state court's decision denying his ineffective assistance of counsel claim was an unreasonable application of established federal law and an unreasonable determination of the facts as presented by petitioner in his state habeas petition.  The specific ineffective assistance of counsel claims are as follows:

    a.  counsel failed to investigate statements made by Derrick Darby (a minor, hereinafter "D. Darby") to South Carolina Social Services;

    b.  counsel failed to investigate evidence that would have proved that petitioner was innocent of object sexual penetration;

    c.  counsel failed to make known certain mitigating evidence at trial;

    d.  counsel failed to call Jasmine Richardson and Mariah Darby to testify at trial;

    e.  counsel instructed petitioner, Niriam Parker, and Patrice Parker to lie during trial; and

2.  The evidence was insufficient to support petitioner's convictions of aggravated sexual assault and object sexual penetration under the due process standards set forth in Jackson v. Virginia, 443 U.S. 307 (1979).

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true.  See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411,

421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the

passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)).  As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**D.  Petitioner did not receive ineffective assistance of counsel**.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the convic-

tion or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher, 126 F.3d at 572 (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . .

review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

### 1. Claim 1(a)

Petitioner alleges that counsel was ineffective by failing to review the statements given to Social Services by D. Darby. Petitioner states that had counsel reviewed all of D. Darby's statements, he would have discovered inconsistences in the statements. Under the first prong of Strickland, petitioner has not adequately asserted that his trial counsel was deficient in the alleged failure to review and present the inconsistent statements of D. Darby. During cross-examination, defense counsel extensively questioned D. Darby regarding the inconsistent statements. (Tr. at 39-41, 43.) The inconsistency of D. Darby's testimony was, indeed, some of the strongest testimony in petitioner's favor. Additional testimony would have been cumulative and unnecessary. It was within the discretion of counsel's trial tactics, of which this Court must be "highly deferential" in scrutinizing, to determine whether such additional testimony was needed. Bennett, 92 F.3d at 1349. When looking at the fundamental fairness of the proceedings, petitioner has not shown that counsel's error was so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. This Court finds that trial counsel's actions were objectively reasonable. The Supreme Court of Virginia held similarly and the court's finding was neither "objectively unreasonable" nor "contrary to . . . established Federal law." Rompilla v. Beard, 545 U.S. 374, 380 (2005). Therefore, petitioner has failed to meet the first prong of Strickland as to Claim 1(a).

Further, petitioner has failed to meet the second prong of Strickland, as to Claim 1(a). The burden for establishing actual prejudice is high. Satcher, 126 F.3d at 572. Petitioner has alleged

7

that if counsel had discovered and presented D. Darby's inconsistent prior statements at trial, "more likely than not," the trial court would have questioned the credibility of D. Darby's testimony and the validity of the allegations that petitioner committed aggravated sexual battery against Talia Darby (hereinafter "T. Darby"). (Pet. at 19.) However, the claim that the trial court would "more likely than not" have questioned D. Darby's credibility does not meet the necessary burden required to overcome the second prong of Strickland. Satcher, 126 F.3d at 572. Further, considering that counsel did, in fact, bring out D. Darby's inconsistent statements during cross-examination and the trial court still determined that Darby's testimony was credible," petitioner has failed to offer adequate support that he bore any actual prejudice from counsel's alleged failure. Further, the Supreme Court of Virginia held similarly, and the court's finding was neither "objectively unreasonable" nor "contrary to . . . established Federal law." Beard, 545 U.S. at 380. Petitioner has failed to meet the second prong of Strickland, as to Claim 1(a). The claim is without merit and should be DISMISSED.

## 2.  Claim 1(b)

Petitioner alleges that counsel was ineffective by failing to investigate evidence that would have proved that petitioner was innocent of object sexual penetration. More specifically, petitioner alleges that counsel should have had petitioner tested for gonorrhea because Shakila Darby (one of the victims, hereinafter, "S. Darby") tested positive for gonorrhea. Further, petitioner argues that counsel should have tested Teresa Johnson (S. Darby's mother) and Niriam Parker (petitioner's wife) for gonorrhea, since he maintained a sexual relationship with both women. Petitioner states that if he and the two women had not tested positive, then it would have proven that he did not sexually assault S. Darby.

8

Again, petitioner has failed to meet either prong of <u>Strickland</u>. Petitioner admitted that he had tested positive for gonorrhea at an earlier times, but he has failed to proffer any evidence that would have proven that he was free of the disease at the time of the offense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. Thus, petitioner has failed to demonstrate a deficiency in counsel's alleged errors and actual prejudice. The Supreme Court of Virginia held similarly, and the court's finding was neither "objectively unreasonable" nor "contrary to . . . established Federal law." <u>Beard</u>, 545 U.S. at 380. The claim is without merit and should be dismissed.

### 3.  <u>Claim 1(c)</u>

Petitioner alleges that counsel was ineffective for failing to submit certain mitigating evidence at trial. More specifically, petitioner alleges that he had confronted and reprimanded D. Darby for Darby's alleged inappropriate sexual behavior with his sisters and a life-size doll. Petitioner argues that if the evidence had been presented at trial the fact-finder would have been able to determine that D. Darby possessed animosity towards petitioner. Petitioner further alleges that D. Darby may have convinced S. Darby that petitioner had done something to her, causing her to be infected with gonorrhea, or that D. Darby may have done something to S. Darby himself and accused petitioner in an effort to avoid his own exposure. (Pet. at 21-22.) The claims are merely speculative. Petitioner has failed to meet either prong of <u>Strickland</u>. The Supreme Court of Virginia held that petitioner offered no evidence to prove that D. Darby had retaliated against petitioner because of the reprimand. Furthermore, D. Darby's testimony merely corroborated S. Darby's testimony that petitioner had sexually

assaulted her.  Thus, petitioner has failed to established that trial counsel's performance was ineffective and that it caused him actual prejudice pursuant to Strickland.  Again, the Supreme Court of Virginia's holding was neither "objectively unreasonable" nor "contrary to . . . established Federal law."  Beard, 545 U.S. at 380.  The claim is without merit and should be DISMISSED.

### 4.  Claim 1(d)

Petitioner alleges that trial counsel was ineffective for failing to interview and call Jasmine Richardson and Mariah Darby to testify at trial on his behalf.  Petitioner argues that Richardson and M. Darby would have testified that they had never been molested by petitioner and further that T. Darby and S. Darby had never mentioned to them that they had been molested by petitioner.  Again, petitioner has failed to meet the two prongs of Strickland.  The Supreme Court of Virginia stated:

> The record, including the trial transcript, demonstrates that petitioner told the trial court that his witnesses were present.  The fact that petitioner may not have molested two other children, or that these children were not aware of petitioner's sexual assault of TD [T. Darby] and SD [S. Darby], does not prove that the assaults did not occur.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Kittrell v. Warden, Va. S.Ct. Ord., Rec. No. 081051 at 4 (Nov. 21, 2008).  Again, the Supreme Court of Virginia's holding was neither "objectively unreasonable" nor "contrary to . . . established Federal law."  Beard, 545 U.S. at 380.  The claim is without merit and should be DISMISSED.

### 5.  Claim 1(e)

Petitioner alleges that counsel was ineffective when he instructed petitioner and two defense witnesses, Niriam Parker and Patrice Parker, to testify falsely at trial regarding whether T. Darby

slept in the bed with petitioner and his wife.  The claim fails to meet the actual prejudice requirement of <u>Strickland</u>.  The Supreme Court of Virginia held that the record demonstrated that petitioner was aware that testimony that T. Darby did not sleep in the bed with him and his wife would have been untrue.  <u>Kittrell</u>, Rec. No. 081051 at 5.  The court also held that petitioner had not demonstrated that had he testified truthfully, the trial court would have found the testimony of the victims to be incredible, since petitioner's truthful testimony would have corroborated and, therefore, supported credibility of the victims' testimony.  <u>Id.</u>  Thus, petitioner has failed to assert actual prejudice due to the alleged ineffective performance of trial counsel.  The Supreme Court of Virginia's holding was neither "objectively unreasonable" nor "contrary to . . . established Federal law."  <u>Beard</u>, 545 U.S. at 380. The claim is without merit and should be DISMISSED.

### E.   The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979).  In <u>Wright v. West</u>, 505 U.S. 277 (1992), the Supreme Court held that:

> In <u>Jackson</u>, we emphasized repeatedly the defer-
> ence owed to the trier of fact and, correspond-
> ingly, the sharply limited nature of constitutional
> sufficiency review.  We said that "<u>all of the
> evidence</u> is to be considered in the light most
> favorable to the prosecution," that the prosecution
> need not affirmatively "rule out every hypothesis
> except that of guilt," and that a reviewing court
> "faced with a record of historical facts that
> supports conflicting inferences must presume--even
> if it does not affirmatively appear in the record--
> that the trier of fact resolved any such conflicts

in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted).  In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner.  Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner alleges that the evidence presented at trial was insufficient to support his convictions and that the "the testimony is contrary to human experience." (Pet. at 32.)  In ruling on the claim on appeal, the Virginia Court of Appeals stated:

> [t]he trial judge heard the testimony of the witnesses and observed their demeanor.  At the conclusion of the evidence, the trial judge examined the inconsistencies in petitioner's testimony and his statement. . . . The testimony of the Commonwealth's witnesses was not inherently incredible or contrary to human belief.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that petitioner was guilty of aggravated sexual battery and object sexual penetration.

Kittrell v. Commonwealth, Va. Ct. App. Ord., Rec. No. 1662-06-1 at 3 (Nov. 29, 2006). The trial court made a number of credibility determinations in petitioner's case.  The state court's reasonable determinations are entitled to deference by this Court.  Wright, 502 U.S. at 296.  Further, the Virginia Court of Appeals holding is neither "objectively unreasonable" nor "contrary to . . . established Federal law."  Beard, 545 U.S. at 380.  The claim is without merit and should be DISMISSED.

## III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

<u>**April 27, 2009**</u>

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

      James Earl Kittrell, #361975, <u>pro</u> <u>se</u>
      Buckingham Correctional Center
      Route 20 N
      P.O. Box 430
      Dillwyn, VA  23936


      Joshua M. Didlake, Esq.
      Assistant Attorney General of Virginia
      900 E. Main Street
      Richmond, VA  23219


                Fernando Galindo, Clerk


                By _____
                        Deputy Clerk

                _____, 2009