FILED
JUN -9 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES EARL KITTRELL, #361975,

    Petitioner,

v.                          2:08cv603

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on June 27, 2003, in the Circuit Court for the City of Newport News, Virginia, for aggravated sexual battery of a child under the age of thirteen and for object sexual penetration. As a result of the convictions, petitioner was sentenced to fifty years imprisonment, with thirty-seven years and one month suspended conditioned on successful completion of fifty years of good behavior, among other conditions. The trial court also imposed a three year term of post-release supervision on each conviction, and suspended such terms for three years and placed petitioner under the supervision of the Virginia Parole Board.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on April 27, 2009. By copy of the report, each

party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on May 8, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings, the objections are without merit. A full and complete examination of the record reveals that the Virginia courts, at the trial and appellate level, gave full consideration to petitioner's claims and ruled in accord with established law.

Petitioner alleges that defense counsel did not review and present evidence of Derrick Darby's prior inconsistent statements, (Claim 1(a)). However, the claim is rebutted by the record. Petitioner's counsel cross-examined Darby extensively, and through that examination, counsel presented strong evidence on petitioner's behalf. At the conclusion of the trial, the fact-finder found other witnesses to be more credible than petitioner. The Supreme Court of Virginia, carefully explaining its reasons, found that, with respect to this issue, petitioner failed to satisfy either the performance or prejudice prongs of the Strickland test. Strickland v. Washington, 466 U.S. 668

2

(1984). This Court is mindful that federal courts are expected to be "highly deferential" when assessing the trial strategy of counsel. Bennett v. Angelone, 92 F.3d. 1336, 1349 (1996). In this case, the Court finds that the Virginia Supreme Court's findings were neither "objectively unreasonable" nor "contrary to . . . established federal law." Rompilla v. Beard, 545 U.S. 374, 380 (2005).

Petitioner also asserts that his counsel failed to investigate evidence that would have proved that he was innocent of object sexual penetration, (Claim 1(b)). The claim arises out of the discovery that the victim tested positive for a sexually transmitted disease (STD) and counsel's failure to move for the testing of two other women in the household with whom petitioner had a sexual relationship. Petitioner has previously tested positive for an STD, and he has not furnished any credible evidence that examination of himself or the other women would have reflected the absence of an STD. Furthermore, the sexual abuse with which petitioner was charged was not established solely on the basis of the STD. The Supreme Court of Virginia found that, with respect to this issue, petitioner satisfied neither the performance or prejudice prongs of Strickland. The Virginia Supreme Court's conclusions are neither objectively unreasonable nor contrary to established federal law.

Petitioner next argues that his counsel failed to make certain mitigating evidence available at trial, (Claim 1(c)). The material about which petitioner complains amounts to mere speculation, and counsel's decision regarding whether to use the

3

material should be respected. As petitioner has failed to establish that trial counsel's performance was ineffective or that it caused actual prejudice, the Supreme Court of Virginia's holding was neither objectively unreasonable nor contrary to established federal law.

Petitioner alleges that his counsel failed to call two witnesses to testify at trial, (Claim 1(d)). Petitioner purports that the witnesses would have testified that neither of them had ever been molested by petitioner, nor had they ever been told by the victims that they had been molested by petitioner. As the Supreme Court of Virginia noted, the fact that petitioner may not have molested two other children, or that these children were not aware of petitioner's sexual assault of another child, does not prove that the assaults did not occur. The claim fails to meet either prong of Strickland.

Petitioner asserts that his counsel instructed two witnesses to falsify their testimony during trial, (Claim 1(e)). The Supreme Court of Virginia held that the record demonstrated that petitioner was aware that the particular testimony he sought would have been untrue. The Supreme Court also found that petitioner had not demonstrated that he testified truthfully about the sleeping arrangements. The Virginia Supreme Court held that, on this issue, petitioner failed to satisfy either the performance or prejudice prongs of Strickland, and the Virginia Supreme Court's holding is neither objectively unreasonably nor contrary to established federal law.

Finally, petitioner claims that the evidence was insufficient to support his convictions, (Claim 2). However, review of the record reveals that when viewed in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. The trial judge asked questions and was obviously engaged in the proceedings of the bench trial. Credibility determinations were made, and there is no evidence that the decisions were erroneous. Petitioner asks this Court to apply hindsight to the trial proceedings, but to do so would intrude upon the decisions by the trial court as to the weight and credibility given the evidence. The state court's reasonable determinations are entitled to deference by this Court.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                                                                                /s/ _____

                                                                            Mark S. Davis  
                                                                            United States District Judge

Norfolk, Virginia  
June  9  , 2009